IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DAVID ORLANDO NOEL, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CV-101 (LAG) (ALS) |
| | : | |
| DA GREGORY EDWARDS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court are the Magistrate Judge's Order & Recommendation (O&R) (Doc. 4), Plaintiff's Objection (Doc. 7), and Plaintiff's Motion for Relief from the Obligation to Prepay the Fees (Doc. 11). For the reasons below, Plaintiff's Objection is **OVERRULED**, and the R&R is **ACCEPTED** and **ADOPTED**. Plaintiff's Motion for Relief from the Obligation to Prepay the Fees (Doc. 11) is **DENIED**.

## BACKGROUND

*Pro se* Plaintiff David Orlando Noel, Sr. is an inmate incarcerated at Central State Prison in Macon, Georgia. (*See* Docket). Plaintiff pled guilty to Aggravated Assault with Attempt to Rape in the Superior Court of Dougherty County in June of 2023 and is currently serving a twenty-year sentence. (Doc. 1 at 1). On June 30, 2025, Plaintiff filed a Complaint asserting claims under 42 U.S.C. § 1983 and a Motion for Leave to Proceed *in forma pauperis* (IFP). (Docs. 1, 2). In the Complaint, Plaintiff states that he was "falsely accused, arrested, and held without bond for 63 months . . . for a crime of which there never existed evidence to confirm had occurred" and further claims that he received ineffective assistance of counsel, speedy trial demands were not met, and that his due process rights were violated. (Doc. 1 at 4). At the time Plaintiff filed this action, Plaintiff was "appealing [his] plea and assert[ed] his innocence of [the] alleged crime(s)." (*Id.*). On October 2, 2025, the Magistrate Judge issued an O&R (1) granting Plaintiff's Motion to Proceed IFP (Doc.

2), and (2) recommending that Plaintiff's Complaint (Doc. 1) be dismissed without prejudice considering the *Heck* doctrine and prosecutorial immunity. (Doc. 4). The O&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) for the Parties to file written objections. On October 17, 2025, Plaintiff filed a Motion for Extension of Time to file an Objection (Doc. 5), which the Magistrate Judge granted on October 20, 2025 (Doc. 6). On November 3, 2025, the Court received Plaintiff's Objection, dated October 30, 2025. (Doc. 7). Under the Prison Mailbox Rule, the Court accepts this as a timely filed Objection to the O&R. *See Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). On November 11, 2025, Plaintiff filed an appeal to the Eleventh Circuit challenging the O&R. (Doc. 8). On February 9, 2026, the Eleventh Circuit dismissed Plaintiff's appeal of the O&R, *infra* Part II, for lack of jurisdiction. *See* (Docs. 8, 13); *Noel v. Dist. Att'y – Dougherty Cnty., City of Albany, Ga.*, No. 25-14083 (11th Cir. Feb. 9, 2026) (dismissing appeal *sua sponte* for lack of jurisdiction).

## LEGAL STANDARD

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The Court reviews *de novo* the dispositive portions of a magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court reviews unobjected-to portions of a magistrate judge's report and recommendation for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If necessary, the Court may review factual issues *de novo* to "aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732. The Court also has discretion to consider new facts and arguments raised in an objection. *Williams v. McNeil*, 557 F.3d 1287, 1290–91 (11th Cir. 2009). When a party's objections, however, are "[f]rivolous, conclusive, or general," the district court need not consider them. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam). An objecting party "must clearly advise the district court and pinpoint specific findings that the party disagrees with." *Id.* at 1360.

**DISCUSSION**

**I.      Report & Recommendation**

Plaintiff (1) objects to the Magistrate Judge's application of *Heck* and *Twombly*, and (2) reasserts his allegations of a speedy trial violation, due process deprivation, and ineffective assistance of counsel. (*See generally* Doc. 7). Plaintiff also cites law related to sovereign immunity, but he makes no related argument. (*Id.* at 10–11).

As the Magistrate Judge correctly determined, *Heck* bars Plaintiff's claims of malicious prosecution and/or wrongful conviction. (*See* Doc. 4 at 5). The Supreme Court of the United States has held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, the prisoner's claims must be dismissed unless he "can demonstrate that the conviction or sentence has already been invalidated." *Id.* Plaintiff currently is serving a state prison sentence after entering a guilty plea in the Dougherty County Superior Court. (Doc. 4 at 5; *see* Doc. 1 at 1). A ruling in favor of Plaintiff would undermine his conviction and sentence. Thus, Plaintiff's Complaint is to be dismissed unless he "can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Plaintiff states that he has a habeas action pending in the Superior Court of Bibb County. (Doc. 1 at 1, 4; *see also* Doc. 7). As that proceeding has not terminated in his favor, Plaintiff has not shown that he has been successful in overturning his conviction. Thus, Plaintiff's claims are barred by *Heck*.

The Magistrate Judge also correctly found that Defendant Edwards—the sole defendant in this case—enjoys absolute immunity from this suit. (*See* Doc. 4 at 6). Defendant Edwards is a district attorney, and prosecutors are "immune from liability under § 1983 for [their] actions 'in initiating a prosecution and in presenting the State's case.'" *Mikko v. City of Atlanta*, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). Prosecutors' absolute immunity includes immunity from actions related to "the judicial phase of the criminal process" and "from civil actions arising out of their charging decisions." *Id.* at 1142–43 (first quoting *Imbler*,

424 U.S. at 430; and then quoting *Harrington v. Almy*, 977 F.2d 37, 42 (1st Cir. 1992)). Plaintiff's claims against Defendant Edwards fall squarely within the domain of prosecutorial immunity. (*See generally* Doc. 1). Thus, Defendant Edwards is entitled to absolute immunity and Plaintiff's claims fail.

## II.    Motion for Relief from the Obligation to Prepay the Fees

On November 18, 2025, Plaintiff filed a Notice of Appeal as to the Magistrate Judge's O&R (Doc. 8), which was docketed on November 20, 2025. (*See* Doc. 10, Prison Litigation Reform Act Docketing Notice). The Docketing Notice states that an appellant must pay a filing fee or file a Motion for Relief from the Obligation to Prepay the Fees to the district court within fourteen days of the Notice. (*Id.* at 1). On December 15, 2025, the Court received Plaintiff's Motion for Relief from the Obligation to Prepay the Fees, dated December 2, 2025. (Doc. 11). A plaintiff can only appeal a final judgment entered by a District Judge; and, therefore, Plaintiff cannot appeal the Magistrate Judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. *Prince v. Cole*, No. 2:21-CV-804-LSC-GMB, 2021 WL 11550035, at *1 (N.D. Ala. Nov. 8, 2021), *report and recommendation adopted*, No. 221CV00804LSCGMB, 2021 WL 11550033 (N.D. Ala. Dec. 2, 2021); *Udoinyion v. Guardian Sec. Mgmt. & Investigative Servs., Inc.*, No. 1:08-CV-1729-CC, 2014 WL 12700994, at *1 (N.D. Ga. Dec. 9, 2014) ("A report and recommendation, however, is not an order, and an appeal is therefore not the proper procedural mechanism for Plaintiff to take issue with [the] Magistrate Judge['s] [recommendation]." (citations omitted)). Accordingly, Plaintiff's Motion for Relief from the Obligation to Prepay the Fees (Doc. 11) is **DENIED**.

## CONCLUSION

Upon careful and complete consideration of the record, the Court **OVERRULES** Plaintiff's Objection (Doc. 7) and finds that the O&R (Doc. 4) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and explanations stated therein. Plaintiff's Complaint (Doc. 1) is **DISMISSED**

4

**without prejudice**. Plaintiff's Motion for Relief from the Obligation to Prepay the Fees (Doc. 11) is **DENIED**.

**SO ORDERED**, this 26th day of May, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

5